IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CORDELL YOUNG, JR., | CASE: 1:16–CV–01198–DWM |
| Plaintiff, | |
| vs. | ORDER |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

On July 13, 2016, plaintiff John Young, Jr. filed suit against defendant Progressive Insurance in California Superior Court, alleging breaches of contract and of the implied covenant of good faith and fair dealing. (Doc. 1-1.) Young did not make a jury demand. Progressive removed the action to federal court on August 12, 2016. (Doc. 1.) Progressive indicated it desired a jury trial on the civil cover sheet but failed to file a formal jury demand within the 14 days required by Federal Rule of Civil Procedure 38(b). Nor was a jury demand noted or included in Progressive's initial Answer. Eastern District Local Rule 201 states that "[a]ny notation on a civil cover sheet . . . concerning whether a jury trial is or is not

-1-

demanded, shall not constitute a demand for jury trial." Having therefore waived its right to a jury trial, Progressive now moves unopposed to add a jury demand. (Doc. 16.) Despite three potential avenues for relief, Progressive's motion fails.

Progressive cites Federal Rule of Civil Procedure 39(b) to support its argument that, although it has waived its right to a jury trial by failing to timely demand one, this Court nevertheless has the discretion to grant one. However, "'[t]hat discretion is narrow . . . and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence.'" *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (quoting *Lewis v. Time Inc.*, 710 F.2d 549, 556-57 (9th Cir. 1983)). In the Ninth Circuit, "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Id.* (citing *Mardesch v. Marciel*, 538 F.2d 848, 849 (9th Cir. 1976)). Because, as its own brief argues, Progessive's omission of a jury demand resulted solely from inadvertence, Rule 39(b) provides Progressive no assistance here. The fact that Progressive's motion is unopposed does not alter this conclusion.

Although not cited by Progressive, Federal Rule of Civil Procedure 81(c) concerns the applicability of the Federal Rules of Civil Procedure in removal actions such as this. Rule 81(c)(3)(A) speaks specifically to the effect of state law

on the jury trial demand requirement, providing that "[i]f the state law [does] not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." The state law in this context is California Code of Civil Procedure § 631, which states in pertinent part that a jury trial in civil cases may be waived if a party "fail[s] to announce that a jury is required." In other words, under California law a party desiring a civil jury trial must request one. *Wave House Belmont Park, LLC. v. Travelers Prop. Case. Co. of Am.*, 244 F.R.D. 608, 613 (S.D. Cal. 2007); *see also Grafton Partners L.P. v. Superior Court*, 36 Cal.4th 944, 951-52, 956-57 (Cal. 2005) (discussing waiver of jury trial under the California constitution and § 631). This Progressive did not do. In addition, even though § 631 would still have allowed Progressive to request a jury trial in the underlying state action at the time the case was removed to federal court, the requirement that a jury request actually be made nevertheless remains. See *Ortega v. Home Depot U.S.A., Inc.,* 2012 WL 77020, *3 (E.D. Cal. Jan. 10, 2012). Rule 81(c) therefore provides no relief.

Finally, Progressive argues that because its Amended Answer (Doc. 17) raises new affirmative defenses, it is entitled to a renewed jury demand under Rule 38(b). However, "the presentation of a new theory does not constitute the presentation of a new issue on which a jury trial should be granted under [] Rule

-3-

38(b)." *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974.) "Rather, Rule 38(b) is concerned with issues of *fact*." *Lutz v. Glendale Union High Sch., Dist. No. 205*, 403 F.3d 1061, 1066 (9th Cir. 2004) (emphasis original) (citing *Las Vegas Sun, Inc. v. Summar Corp.*, 610 F.2d 614, 620 (9th Cir. 1979)). Progressive's Amended Answer asserts an additional affirmative defense of policy exclusion, arguing that Young's complaint is barred "by the insuring agreement, exclusions, definitions, policy provisions, endorsements and other terms and conditions contained in the written policy of insurance at issue." (Doc. 17 at 5.) This new defense neither introduces nor requires new facts, as the insurance policy it relies upon is already at issue in this case.

The relief Progressive seeks is unavailable. Rule 39(b) is of no avail. Rule 81(c) serves only to confirm that a jury demand was required here. Rule 38(b) is not triggered by the presentation of new legal theories. The incongruity between the importance of a right guaranteed by both the United States and California constitutions and the limited protection provided here is inescapable. To grant Progressive's motion, however, would be counter to prevailing legal authority in this area and create a potentially appealable issue in this case.

Accordingly, IT IS ORDERED that Progressive's motion (Doc. 16) is

DENIED.

DATED this 6th day of January, 2017.

/s/ Donald W. Molloy
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT