IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CORDELL YOUNG, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE: 1:16–CV–01198–DWM<br><br>ORDER |

On February 27, 2017, Defendant Progressive Casualty Insurance Company ("Progressive") filed a motion for summary judgment. (Doc. 19.) Plaintiff John Cordell Young, Jr. ("Young") has not filed any briefing in opposition to the motion, though the deadline to do so has passed. On March 31, 2017, Progressive filed a reply brief asking that its motion be granted as unopposed. (Doc. 20.) Young still has not responded.[1] While a motion for summary judgment may not be granted simply because it is unopposed, *Henry v. Gill Ind., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993), Progressive has shown it is appropriate here.

---

[1] Local Rule 230 provides that briefs in opposition shall be filed and served no less than 14 days prior to the noticed hearing date. However, the Scheduling Order entered December 8, 2016, required responsive briefing within 21 days of the filing of a motion. (Doc. 15 at ¶ 12(a).)

-1-

## Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party can demonstrate it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant "always bears the initial responsibility" of articulating the legal basis for its motion and showing no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

## Factual and Procedural Background

The following facts are taken from the Scheduling Order, (Doc. 15), and

Progressive's Statement of Undisputed Facts, (Doc. 19-2), which is supported by a number of exhibits, including declarations and investigation records, (Docs. 19-3 through 19-21).

On Monday, November 10, 2014, Young provided notice to Progressive of the theft of his 1961 GMC "diesel pusher" motor home. (Doc. 15 at ¶ 3(e).) Law enforcement recovered the motor home from a canal where it had been submerged that same day. (*Id.* at ¶ 3(f).) The motor home was missing its license plates and its Vehicle Identification Number tag. (Doc. 19-2 at ¶ 5.) The steering wheel had been tied to keep the motor home driving straight, and a pole had been wedged against the accelerator. (*Id.* at ¶¶ 6-7.) The motor home was insured under a Progressive California Motor Home Policy, No. 14211507-7 (the "Policy"). (Doc. 12 at ¶ 1.) The Policy included comprehensive coverage with agreed value of $63,000 and a zero deductible. (*Id.* at ¶ 3.)

After communication with the Stanislaus County Sheriff's Office, Progressive assigned investigation of the claim to Rita Sharma, a member of Progressive's Special Investigations Unit. (Sharma Decl., Doc. 19-3 at ¶ 7.) As part of its investigation, Progressive obtained cell phone records from phones belonging to Young, his wife, Anna Young, and his son, John Young III ("Young III"). (Doc. 19-2 at ¶ 9.) These records showed that on November 10, 2014, at

4:03 a.m., the cell phone belonging to Young III used the cell phone tower that was the closest to the canal where the motor home was recovered. (*Id.* at ¶ 11.)

Both Young and Young III participated in Examinations Under Oath administered by Progressive as part of its investigation into Young's theft claim. (*Id.* at ¶ 13.) Young stated he believed his son's cell phone was in the vicinity of the canal because it had been inadvertently left for the weekend in a truck belonging Young's customer, Ed Amaral. (*Id.* at ¶ 14.) However, Young III testified that he did not have any reason to believe he did not have his phone during that time, and also that he could not think of anyone else who would have made calls from his cell phone during that time. (*Id.* at ¶ 17.) Subsequent analysis of cell phone records revealed that John Young III's cell phone was being used on November 7, 8, 9, and 10 in Modesto California, and near Plaintiff's home in Ceres, California. (*Id.* at ¶ 16.)

On July 9, 2015, Progressive denied coverage for the claim on the grounds that Young made material misrepresentations during the investigation of the reported theft claim. (Doc. 15 at ¶ 3(n).) Young filed suit against Progressive on July 13, 2016, alleging breach of contract and of the covenant of good faith and fair dealing, and requesting declaratory relief. (Doc. 1-1.) Progressive removed the action to this Court on the basis of diversity jurisdiction on August 12, 2016.

(Doc. 1.)

## Analysis

Progressive argues summary judgment is appropriate because (1) Young made a material misrepresentation regarding the theft claim, voiding coverage under the Policy and negating Young's breach of contract claim; and (2) under California law, where there is no breach of the insurance contract there can be no claim for insurance bad faith. (Doc. 19 at 11.) Progressive's arguments succeed, and summary judgment based on the undisputed facts is appropriate, as explained below.

### A. Breach of Contract Claim

Young claims Progressive breached the insurance contract by failing to pay him for a loss covered under the Policy. (Doc. 1-1 at ¶ 23.) Progressive now argues Young cannot prove his breach of contract claim because he knowingly misrepresented a material fact in the course of presenting his theft claim to Progressive, namely that he lied to Progressive about his son's cell phone being in Ed Amaral's truck during the time the motor home was sunk in the canal. (Doc. 19 at 12.)

Under California law, if, during an insurance claim, an insured knowingly misrepresents material facts intending to deceive the insurer, coverage is voided.

*Cummings v. Fire Ins. Exchange*, 202 Cal. App. 3d 1407, 1418-19 (1988). A misrepresentation is material if it "concerns a subject reasonably relevant to the insured's investigation, and if a reasonable insurer would attach importance to the fact misrepresented." *Id.* at 1417 (emphasis omitted). "[T]he intent to defraud the insurer is necessarily implied when the misrepresentation is material and the insured willfuly makes it with knowledge of its falsity." *Id.* at 1418.

Here, the undisputed facts show Young knowingly made a false statement about the location of his son's phone at the time of the alleged theft. That phone made a call on Monday, November 10, at 4:03 a.m. and utilized the cell tower nearest the canal where the motor home was found. (Doc. 19-2 at ¶ 11.) Young stated during his Examination Under Oath that the phone had been left in his customer Ed Amaral's truck, (Doc. 19-20 at 10), but his son Young III stated he had no reason to believe he did not have his phone over the weekend or that anyone else would have made a call from it, (Doc. 19-21 at 7-8), and cell phone records show the phone repeatedly communicated with cell towers around Young III's home throughout the weekend preceding the theft, (Doc. 19-2 at ¶ 16.)

Additionally, the false statement was material. Whether Young III was in the vicinity of the sunken motor home at the time of its theft is directly relevant to establishing that the motor home had indeed been stolen or if it had been

intentionally sunk by its owner. A reasonable insurer would attach significant importance to that fact in evaluating whether coverage was appropriate.

Because the undisputed facts show Young misrepresented a material fact during his insurance claim, coverage under the Policy was voided, and because coverage was voided, Young cannot succeed on a claim for breach of contract. The Policy explicitly provided for this possibility:

FRAUD OR MISREPRESENTATION

**We** may deny coverage for an accident or loss if **you** or a person seeking coverage has concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

(Doc. 19-2 at ¶ 18; Doc. 19-4 at 64.) Summary judgment is therefore appropriate on the breach of contract claim.

### B. Insurance Bad Faith Claim (Good Faith and Fair Dealing)

Progressive next argues that, because there was no breach of the insurance contract, Young cannot succeed on a claim of insurance bad faith. (Doc. 19 at 11.) Under California law, a covenant of good faith and fair dealing is implied in every contract, including insurance policies. *Maslo v. Ameriprise Auto & Home Ins.*, 227 Cal. App. 4th 626, 633 (2014). To establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show that (1)

benefits due under the policy were withheld, and (2) the reason for withholding those benefits was unreasonable or without proper cause. *Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1072 (2007). "[A]n insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract." *Id.* at 1073 (citing *Chateau Chamberay Homeowner's Ass'n v. Assoc. Int'l Ins. Co.*, 90 Cal. App. 4th 335, 347 (2001). "Although an insurer's bad faith is ordinarily a question of fact to be determined by a jury by considering the evidence of motive, intent and state of mind, [t]he question becomes one of law . . . when, because there are no conflicting inferences, reasonable minds could not differ." *Chateau Chamberay*, 90 Cal. App. 4th at 350 (citation omitted).

Here, as discussed above, Young's material misrepresentation of the location of the cell phone voided coverage. Because no coverage was due under the Policy, Young's bad faith claim in cannot succeed. In addition, even assuming coverage was triggered, Progressive did not act in bad faith in denying it. Progressive initiated an investigation into the claim on being contacted by law enforcement. (Doc. 19-3 at ¶ 7.) The circumstances of the motor home's disappearance and subsequent recovery indicated it may have been sunk in the

canal in attempt to commit insurance fraud. (Doc. 19-2 at ¶¶ 5-7.) Young III's cell phone used the cell tower nearest where the motor home was sunk in the early hours of the day of the motor home's disappearance. (Doc. 19-2 at ¶ 11.) Finally, Young's statement that Young III's cell phone was in a truck belonging to Ed Amaral was contradicted by Young III's own statement that he had no reason to believe he did not have his phone the weekend preceding November 10, 2014. (*Id.* at ¶¶ 14, 17.) Taken together, these circumstances demonstrate Progressive had a reasonable basis to deny coverage. *Jordan*, 148 Cal. App. 4th at 1073.

### C. Declaratory Judgment Claim

As his third cause of action, Young seeks a judicial determination of his and Progressive's rights and duties under the Policy, and a declaration as to which interpretation is correct. (Doc. 1-1 at ¶ 32.) For the reasons discussed above, Young is not entitled to coverage.

### Conclusion

Summary judgment for Progressive is appropriate in this matter, as Progressive has met its burden fo showing no undisputed material facts exist, and Young has failed to rebut that showing. The undisputed facts show that Young knowingly misrepresented a material fact to Progressive during the claim investigation, thereby voiding coverage both under the terms of the Policy itself

and applicable California law. Young's breach of contract claim therefore fails. Because no coverage was due under the Policy, Young's bad faith claim must also fail. Even were coverage due, Progressive acted reasonably in thoroughly and promptly investigating the claim. Finally, Progressive's request for oral argument is mooted by Young's failure to oppose the motion.

Accordingly, IT IS ORDERED that Progressive's Motion for Summary Judgment is GRANTED. This matter is DISMISSED WITH PREJUDICE. All pending motions are MOOT and deadlines, including the bench trial set for December 6, 2017, are VACATED.

The Clerk of Court is directed to enter judgment in favor of Progressive and against Young, and to close the case file.

DATED this 6th day of June, 2017.

16:24 P.M.

Donald W. Molloy, District Judge
United States District Court